IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Mary Grace Donahue,<br>  Plaintiff,<br><br>vs.<br><br>John C. Bonewicz, P.C., John C.<br>Bonewicz, John Mahan, Nelson<br>Villiette, Raymond Benbig, SquareTwo<br>Financial Commercial Funding<br>Corporation, and CACH LLC,<br>  Defendants. | Case No.: 2:12-cv-15004-VAR-MJM |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, SquareTwo Financial Commercial Funding Corporation ("SquareTwo") and CACH, LLC ("CACH"), through their counsel, Olson Law Group, for their Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### Jurisdiction

1. Defendants do not, at this time, contest subject matter jurisdiction in this case.

2. Defendants do not, at this time, contest supplemental jurisdiction.

### Parties

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4(a) – (e) do not pertain to Defendants. Paragraphs 4(f) and (g) are denied.

### Venue

5. Although liability is denied, venue is not contested.

6.	Venue is not contested.

## General Allegations

7.	Paragraph 7 of the Complaint is admitted.

8.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 8.

9.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 9.

10.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 10.

11.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 11.

12.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 12.

13.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 13.

14.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 14.

15.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 15.

16.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 16.

17.	Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 17.

18.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 18.

19.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 19.

20.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 21.

22.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 22.

23.     Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 23; however, Defendants did not receive disputes from Plaintiff.

24.     Defendants deny Paragraph 24 of the Complaint.

25.     Defendants admit Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, Defendants admit that the Law Firm attempted to collect from Plaintiff.  The characterization of those efforts is denied.

27.     Defendants deny Paragraph 27 of the Complaint.

28.     Defendants deny Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Defendants admit that the Law Firm called Plaintiff in an attempt to collect the debts.

30.     Defendants deny Paragraph 30 of the Complaint.

31.     Defendants deny Paragraph 31 of the Complaint.

32. Defendants deny Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Defendants admit that the Law Firm attempted to collect Plaintiff's debts. The remainder of Paragraph 33 is denied.

34. In response to Paragraph 34 of the Complaint Defendants admit that the Law Firm called Plaintiff in an attempt to collect Plaintiff's debts. The remainder of Paragraph 34 is denied.

35. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 35.

36. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 36.

37. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 37.

38. Paragraph 38 of the Complaint is denied.

39. Paragraph 39 of the Complaint is denied.

40. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 40.

41. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 41.

42. In response to Paragraph 42 of the Complaint, Defendants admit that a call was made by Plaintiff to the Law Firm. Defendants lack sufficient knowledge or information at this time to form a belief as to the specific call to which Paragraph 42 pertains.

43. In response to Paragraph 43 of the Complaint, Defendants admit that an employee of the Law Firm spoke to Plaintiff. The remainder of Paragraph 43 is denied.

44. In response to Paragraph 44 of the Complaint Defendants admit that Plaintiff told the Law Firm that she believed she had settled her debts. The remainder of Paragraph 44 is denied.

45. Defendants deny Paragraph 45 of the Complaint.

46. Defendants deny Paragraph 46 of the Complaint.

47. Defendants deny Paragraph 47 of the Complaint.

48. Defendants deny Paragraph 48 of the Complaint.

49. Defendants deny Paragraph 49 of the Complaint.

50. Defendants deny Paragraph 50 of the Complaint.

51. Defendants deny Paragraph 51 of the Complaint.

52. Defendants deny Paragraph 52 of the Complaint.

53. Defendants deny Paragraph 53 of the Complaint.

54. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 54.

55. Defendants deny Paragraph 55 of the Complaint.

56. Defendants deny Paragraph 56 of the Complaint.

57. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 57.

58. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 58.

59. Defendants deny Paragraph 59 of the Complaint.

60. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 60.

61. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 61.

62. Defendants deny Paragraph 62 of the Complaint.

63. Defendants deny Paragraph 63 of the Complaint.

64. Defendants deny Paragraph 64 of the Complaint.

65. Defendants deny Paragraph 65 of the Complaint.

**COUNT I - Fair Debt Collection Practices Act (Bonewicz Law, Mr. Bonewicz and its Agents and Collectors)**

66. Defendants incorporate by reference their preceding responses.

67. Paragraph 67 is not directed at Defendants and requires no response.

68. Paragraph 68 is not directed at Defendants and requires no response.

69. Paragraph 69 of the Complaint is admitted.

70. Paragraph 70 of the Complaint is denied.

71. Paragraph 71 of the Complaint is denied.

**COUNT II - Michigan Occupation Code (Bonewicz Law and Mr. Bonewicz)**

72. Defendants incorporate by reference their preceding responses.

73. Paragraph 73 is not directed at Defendants and requires no response.

74. Defendant neither admits nor denies the allegations in Paragraph 74 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

75. Paragraph 75 of the Complaint is denied.

76. Paragraph 76 of the Complaint is denied.

77. Paragraph 77 of the Complaint is denied.

### COUNT III - Michigan Collection Practices Act (Bonewicz Law and Mr. Bonewicz) as alternative to claims under the Michigan Occupational Code

78. Defendants incorporate by reference their preceding responses.

79. Paragraph 79 is not directed at Defendants and requires no response.

80. Paragraph 80 of the Complaint is denied.

81. Paragraph 81 of the Complaint is denied.

82. Paragraph 82 of the Complaint is denied.

### COUNT IV - Fair Debt Collection Practices Act (SquareTwo and CACH)

83. Defendants incorporate by reference their preceding responses.

84. Paragraph 84 of the Complaint is denied.

85. Defendant neither admits nor denies the allegations in Paragraph 85 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required, except to admit the allegations as to CACH, only, leaving Plaintiff to her strict proofs.

86. Paragraph 86 of the Complaint is denied.

87. Paragraph 87 of the Complaint is denied.

88. Paragraph 88 of the Complaint is denied.

### COUNT V - Michigan Occupational Code (SquareTwo and Cach)

89. Defendants incorporate by reference their preceding responses.

90. Paragraph 90 of the Complaint is denied.

91. Defendant neither admits nor denies the allegations in Paragraph 91 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs..

92. Paragraph 92 of the Complaint is denied.

93. Paragraph 93 of the Complaint is denied.

94. Paragraph 94 of the Complaint is denied.

**COUNT VI - Michigan Collection Practices Act (SquareTwo and Cach) as alternative to claims under the Michigan Occupational Code**

95. Defendants incorporate by reference their preceding responses.

96. Defendant neither admits nor denies the allegations in Paragraph 96 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

97. Paragraph 97 of the Complaint is denied.

98. Paragraph 98 of the Complaint is denied.

99. Paragraph 99 of the Complaint is denied.

**COUNT VII - Request for Declaratory Relief (SquareTwo, CACH, and Bonewicz Law)**

100. Defendants incorporate by reference their preceding responses.

101. Paragraph 101 of the Complaint is denied.

102. In response to Paragraph 102 of the Complaint, Defendants admit that CACH reported the account to consumer reporting agencies. The remainder of Paragraph 102 is denied.

103. Defendant neither admits nor denies the allegations in Paragraph 103 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

104. Defendant neither admits nor denies the allegations in Paragraph 104 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

105. Defendant neither admits nor denies the allegations in Paragraph 105 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

106. Defendant neither admits nor denies the allegations in Paragraph 106 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

107. Defendant neither admits nor denies the allegations in Paragraph 107 of the Complaint for lack of information or sufficient belief and because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

108. Paragraph 108 of the Complaint is denied.

109. In response to Paragraph 109 of the Complaint, Defendants admit that no suit has been filed. The remainder of Paragraph 109 is denied.

110. Paragraph 110 of the Complaint is denied.

111. Paragraph 111 of the Complaint is denied.

112. Paragraph 112 of the Complaint is denied.

113. In response to Paragraph 113 of the Complaint, Defendants deny that Plaintiff is entitled to such relief.

114. In response to Paragraph 114 of the Complaint, Defendant neither admits nor denies, because they set forth legal conclusions for which no response is required leaving Plaintiff to her strict proofs.

115. In response to Paragraph 115 of the Complaint, Defendants deny that Plaintiff is entitled to such relief.

**Demand for Judgment for Relief**

116.   In response to Paragraph 116 of the Complaint Defendants deny that Plaintiff is entitled to such relief.

WHEREFORE, Defendants CACH, LLC and SquareTwo Financial Commercial Funding Corporation pray for judgment that Plaintiff take nothing against them in this case, Defendants further pray for all such other and further relief, at law or in equity, as to which they may be justly entitled.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
734-222-5179

Dated: January 7, 2013                                          colson@olsonlawpc.com

**AFFIRMATIVE DEFENSES**

1.   To the extent Defendants' conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

2.   To the extent Defendants' conduct violated the law, such conduct was neither willful nor malicious.

3.   Defendants assert the defense of waiver.

4.   Defendants assert the defense of estoppel.

5.   Defendants assert the defense of ratification.

6.   Defendants assert that they are not liable in the capacity in which they have been sued.

7. Defendants assert that Plaintiff has failed to join one or more necessary parties.

8. Defendants deny that Plaintiff has sustained any actual damages; however, if Plaintiff does have any actual damages such damages are subject to the defense of failure to mitigate.

9. Defendants deny that the Plaintiff is entitled to any form of statutory damages.

10. Defendants assert that an award of statutory damages in the absence of actual damages would be a denial of their right to due process under the Constitution of the United States of America. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
Attorneys for Defendants
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
734-222-5179
Dated: January 7, 2013          colson@olsonlawpc.com

### Proof of Service

I, Charity A. Olson, hereby state that on January 7, 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Defendants
106 E. Liberty, Suite 303
Ann Arbor, MI  48104
(734) 222-5179
colson@olsonlawpc.com